On petitioners' petition for reconsideration filed February 7, respondents' response to petition for reconsideration filed March 17, and petitioners' reply to respondents' response to petition for reconsideration filed March 24; opinion filed January 25, 323 Or App 720, 525 P3d 504, reconsideration allowed, former opinion modified and adhered to as modified June 1, 2023

DOUGLAS COUNTY,
a political subdivision of the State of Oregon;
Umpqua Fishery Enhancement Derby, Inc.,
an Oregon nonprofit corporation;
and Scott Worsley,
*Petitioners,*

*v.*

OREGON FISH AND WILDLIFE COMMISSION
and Oregon Department of Fish and Wildlife,
an agency of the State of Oregon,
*Respondents.*

Marion County Circuit Court
22CV13979; N011096

531 P3d 192

Petitioners seek reconsideration of the Court of Appeals' decision in *Douglas County v. Fish and Wildlife Commission*, 323 Or App 720, 525 P3d 504 (2023). Petitioners contend that, in two places in its opinion, the court incorrectly stated that the North Umpqua management area is a "two hatchery" area, rather than a "two-hatchery-program" area. *Held*: The court allowed the petition to correct the two factual errors. Those modifications did not alter the court's ultimate legal conclusion in its previous decision.

Reconsideration allowed; former opinion modified and adhered to as modified.

Dominic M. Carollo, Nolan G. Smith, and Carollo Law Group, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Alex Jones, Assistant Attorney General, for response.

Before Egan, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**LAGESEN, C. J.**

Petitioners have petitioned for reconsideration of our decision in *Douglas County v. Fish and Wildlife Commission*, 323 Or App 720, 525 P3d 504 (2023). In that decision, we transferred this matter to Marion County Circuit Court pursuant to ORS 14.165(5)(a). We allow the petition to correct a factual error in our opinion but otherwise adhere to our prior decision.

The case concerns a decision to eliminate a summer steelhead hatchery program located in the Oregon Fish and Wildlife Commission's North Umpqua fish management area. *See Douglas County*, 323 Or App at 722. Under the Coastal Multi-Species Conservation and Management Plan (CMP), the North Umpqua management area is designated as "Management Area with Two Hatchery Programs." Petitioners correctly point out that, in two places, while addressing petitioners' argument that the decision to eliminate the program amended an administrative rule, we incorrectly stated that the North Umpqua management area is a "two hatchery" area, rather than a "two-hatchery-program" area. We accordingly revise the opinion to correct those factual mistakes.

At one point, the opinion states, "The CMP designates the North Umpqua management area as a 'two hatchery' area." *Id.* at 727. We amend that sentence to state, "The CMP designates the North Umpqua management area as a management area with two hatchery programs."

At another point, the opinion states, "Although the CMP refers to the North Umpqua management area[] as a 'two hatchery' area, that designation appears to flow from fact—that there are two hatcheries in the area—rather than from legal principles." *Id.* at 728. We amend that sentence to state, "Although the CMP refers to the North Umpqua management area as an area with two hatchery programs, that designation appears to flow from fact—that there are two hatchery programs in the area—rather than from legal principles."

Our mistaken conflation of the number of hatcheries with the number of hatchery programs in those portions

of our discussion does not alter our ultimate legal conclusion: That the decision to end the hatchery program was not an amendment to a rule. *Id*. Our analysis on that point focused on how the rule at issue regulated the starting and ending of hatchery programs, not of hatcheries. Specifically, it turned on the fact that the relevant rule, OAR 635-500-6775(6)(b), authorized the starting and ending of hatchery programs: "The commission's decision to end the hatchery program, an action expressly contemplated by the rule, did not change the rule—just as a decision by the commission to authorize a new hatchery program, as allowed by the rule, would not change the rule." *Id*. Accordingly, having corrected our mistakes, we adhere to our prior legal conclusion.

Reconsideration allowed; former opinion modified and adhered to as modified.